Opinion of the Court.
THE appellee having obtained two judgments in actions of covenant against Robert H. Grayson, issued his executions and caused them to be levied on a tract of land as belonging to the estate of Grayson. David L. Ward claiming the land as belonging to himself, filed his bill in equity praying an injunction to stop the sale, which was granted, and he gave the appellant as security in the injunction bond. The injunction was afterwards dissolved and the appellee commenced this action of covenant on the injunction bond. The process as to Ward was returned no inhabitant, and the suit as to him abated. On the trial of the issue of covenants performed, the appellant gave no evidence. But the appellee, to fix the amount of damages gave in evidence, the record of a suit in chancery, containing the injunction bond and order dissolving the injunction, and also the two judgments in favor of the appellee against Grayson in the aforesaid actions of covenant. The counsel for the appellant, on this evidence, moved the court to instruct the jury that the plaintiff had no right to recover the amount of the two judgments at law. This instruction was refused, and the jury were instructed at the instance of the appellee, that the appellee had a right to recover both these judgments including costs. The correctness of this instruction is the question now presented to this court. The solution of it must depend on the construction of the injunction bond, and the injunction awarded. The injunction was awarded agreeably to the prayer in the bill, and that prayer was, “ that the appellee and the sheriff might be restrained from selling any portion of the land seized by the execution and claimed by Ward, till the matter was heard in equity.” The condition of the injunction bond is to the following effect.
“Whereas, the above bound David L. Ward, hath prayed for and obtained an injunction to stay all further proceedings on two executions obtained against Robert H. Grayson by the said David Trimble, which *415 are levied on said Grayson’s interest, or some part thereof, in 70,000 acres of land, on Little Sandy, in the circuit court for Greenup county, for five hundred dollars in damages, and seven dollars eighty one and a half cents, costs; the other judgment for $1052 50 cents damages, and $7 81 ½ cents costs. Now if the said David L. Ward shall well and truly pay to the said David Trimble, all such costs and damages which may accrue to the said David Trimble, in case the injunction be dissolved, then this obligation to be void else to remain in full force and virtue.”
Now it is evident that the damages and costs to be recovered by this bond, are not those previously mentioned as composing the judgments in the actions of covenant against Grayson. Had these been intended, they would probably have been expressed in terms more brief. But no stipulation as to paying their amount is inserted. The damages which may thereafter accrue, by reason of Ward’s act in issuing the injunction, and not those which had accrued from Grayson’s act in not fulfiling his covenant, are those which Ward and his securities have stipulated to pay. It is true, the recital of this bond seems to say, that the injunction was to stay all further proceedings on these judgments. But this exceeds the extent of the injunction which is referred to, and which shows that it only restrains the operation of the executions on one particular subject claimed by Ward. As to all the rest of Grayson’s estate, the executions were in full force and unrestrained. All damages then, which may have accrued to the appellee, by reason of the obstruction of his executions on this land, are those recoverable as well as the costs, awarded in favor of the appellee in the chancery suit of Ward. These damages may have been equal, or nearly equal to his demand against Grayson, and they may have been far less, and the evidence adduced on the trial, did not conduce to shew any except the delay of his execution against that tract of land, and the small portion of costs to which he may have been entitled in the chancery suit. The court, therefore erred in the instructions given, that the damages recoverable were the demand against Grayson, or that this demand was included within the express condition of the bond.
*416 The writer of the declaration has assumed the fact, that the amount of the judgment against Grayson constituted the damages recoverable; and it is assigned for error that the declaration shows no cause of action. The breach assigned, after averring the dissolution of the injunction, alleges that the obligor thereby became bound to pay the appellee all the costs and damages in the covenant set forth. It might be somewhat uncertain, whether these costs and damages which were recited in the condition, as composing the demand against Grayson, or those stipulated to be paid in the latter part of the bond, were intended by these expressions in the declaration, if they were not fully explained by the expressions following, to wit:
“ And the said plaintiff in fact, avers, that the said defendants have failed and refused to pay said plaintiff, the said costs and damages which accrued to him, upon the dissolution of said injunction, to wit, the said execution for five hundred dollars damages, and seven dollars eighty one and a half cents costs, and the said other judgment and execution for one thousand and fifty two dollars and fifty two cents damages, and seven dollars eighty one and a half cents costs”
These expressions clearly shew, that the breach of which the appellee complained, was the non-payment of the judgments against Grayson, and not the damages occasioned specially by the injunction, and the costs awarded on its dissolution.
To make the breach in covenant good, it is not necessary that it should be assigned in the words of the covenant. But the expressions must be of the like import, or rather such words must be used as shew they cannot be true, unless the covenant is broken. Now it is evident, that this breach might be true, and the appellant be guilty of no breach. He and his principal may not have paid the amount of the judgments against Grayson, and yet be liable to no action on his undertaking with the appellee. For this reason, the declaration is adjudged bad, and the breach assigned shews no cause of action.
The judgment must be reversed and the cause remanded for further proceedings not inconsistent with this opinion, to commence by granting leave, if asked, to amend the declaration.